IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NICHOLE CAROLE SHAW )
) No. 14-1501
v.

CAROLYN W. COLVIN

# OPINION AND ORDER

## SYNOPSIS

Plaintiff filed an application for disability insurance benefits, alleging disability due to anxiety, depression, back and leg pain, and hypoglycemia. Her claim was denied initially, and upon hearing by an Administrative Law Judge ("ALJ"). The Appeals Council denied her request for review. Before the Court are the parties Cross-Motions for Summary Judgment. The issues in this appeal are limited to Plaintiff's mental impairments. For the following reasons, Plaintiff's Motion will be granted, and Defendant's denied.

## OPINION

### I. STANDARD OF REVIEW

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3)7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). If the ALJ's

1

findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

## II. THE PARTIES' MOTIONS

### A. Medical Opinion Evidence

In this case, the ALJ arrived at a residual functional capacity ("RFC") of light work, with non-exertional limitations to low stress simple repetitive tasks requiring little judgment making, no intensive supervision, and work not around the public. Plaintiff contends that the ALJ, in arriving at this RFC, improperly rejected the opinions of Ms. O'Connor, a licensed clinical social worker and Plaintiff's treating therapist, and Dr. Nadulek, the agency examining psychologist.[1]

### 1. Shelly O'Connor[2]

---

[1] Because I remand on other grounds, I do not address Plaintiff's remaining contentions.
[2] The ALJ referred to Ms. O'Connor as Ms. Mandoly; the records reflect that Philip Das-Mandoly was a treating psychiatrist, at the same clinic as Ms. O'Connor.

2

The record contains treatment notes that suggest that Ms. O'Connor treated Plaintiff over a period time. She signed a mental status evaluation form, indicating that Plaintiff would occasionally have difficulty interacting with supervisors and coworkers, and would often have difficulty maintaining concentration, pace, and task persistence. It also indicated that Plaintiff experiences five to six days per month when she would be unable to complete an eight-hour work shift.

With respect to Ms. O'Connor, the ALJ stated, cursorily, as follows:

> It appears that the form was prepared by the claimant's attorney and presented for Ms. [O'Connor's] signature. Nonetheless, as a therapist, the individual remains a medical source, and so I have considered the report pursuant to SSR 06-3p, however, I give the report very little weight. This individual is not a doctor and therefore, not an acceptable medical source and is not entitled to SSR 96-2p consideration as a valid treating source.

As Plaintiff acknowledges, a social worker's opinion is not "an acceptable medical source." This means, for example, that such an opinion is not entitled to controlling weight as a treating source, and cannot establish the existence of a medically determinable impairment. Arlow v. Colvin, 2014 U.S. Dist. LEXIS 42567 (W.D. Pa. Mar. 28, 2014); SSR 06-3p.. Because an opinion does not receive controlling weight, however, does not mean that it is not entitled to consideration:

> Social Security regulations state that evidence of a claimant's impairment may be provided by "other" medical sources, including, among others, licensed clinical social workers and therapists….The opinions of these medical sources, although not technically "acceptable medical sources" under Social Security rules, are to be evaluated on key issues such as impairment severity and functional effects, although their opinions cannot establish the existence of a medically determinable impairment. The weight given to such evidence will vary according to the particular facts of the case, the source of the opinion, including that source's qualifications, the issue(s) that the opinion is about, and many other factors. Furthermore, the opinions are to be evaluated using the same factors as those used in weighing the opinions of acceptable medical sources….

Smith v. Astrue, 2008 U.S. Dist. LEXIS 90594, * 7 n. 16 (W.D. Pa. Nov. 6, 2008) (citing SSR 06-3p).

Accordingly, opinions of other medical sources, such as Ms. O'Connor, remain "important," and should be evaluated according to factors such as treatment history, consistency with other evidence, and how well the opinion is explained. Anthony v. Colvin, 2013 U.S. Dist. LEXIS 133192, at **18-19 (W.D. Pa. Sept. 18, 2013) (citing 20 C.F.R. § 404.1527(d)).

Here, the ALJ afforded Ms. O'Connor's opinion little weight solely because she was not an "acceptable medical source." He did not discuss other pertinent factors. This explanation is inadequate, as it does not allow for meaningful review. The ALJ is certainly entitled, on various grounds, to give little weight to a therapist's opinion. When making an RFC determination, an ALJ may not reject pertinent or probative evidence without explanation. Osterrieder v. Astrue, 2013 U.S. Dist. LEXIS 134626 (W.D. Pa. Sept. 20, 2013). When an ALJ fails to adequately explain his discrediting competent evidence, "the reviewing court cannot tell if significant probative evidence was not credited or simply ignored." Schwartz, 134 F.Supp.2d at 648. While Defendant, and I, might imagine various justifications for the weight accorded Ms. O'Connor's opinion, doing so would exceed both of our roles. I am bound to the ALJ's stated grounds, and "[i]t is not for Commissioner to make an after-the-fact argument in support of the ALJ's decision. The analysis in Commissioner's brief cannot substitute for the ALJ's analysis." Griffies v. Astrue, 855 F. Supp. 2d 257, 272 (D. Del. 2012).

### 2. Dr. Nadulek

Dr. Nadulek indicated that Plaintiff was moderately limited in understanding, remembering, and carrying out short, simple instructions, in making judgments on simple work-related decisions, and in interacting appropriately with the public. He further found marked

4

limitations in Plaintiff's ability to understand, remember, and carry out detailed instructions, as well as in interacting appropriately with supervisors and co-workers, and in responding appropriately to work pressures and changes in a work setting. Moreover, as Plaintiff notes, Dr. Nadulek observed that Plaintiff was likely to have a high absentee rate.

The ALJ addressed Dr. Nadulek's findings as follows:

> I have considered Dr. Nadulek's medical source statement in which he finds marked limitations in claimant's ability to interact with supervisors and co-workers and in her ability to respond to work pressures; however, I give it little weight because it is inconsistent with Dr. Nadulek's own mental status evaluation of the claimant. Specifically, claimant presented unaccompanied, and was oriented to time, place and person. She was able to participate in the examination. Dr. Nadulek's examination provides a basis for limitations related to depression and anxiety, but it does not rule out work within the scope of the [RFC] adopted here, and the vocational expert cited occupations.

It is unclear how Plaintiff's orientation to time, place and person on the occasion of one psychological examination, and appearing at and participating in that exam unaccompanied, is inconsistent with a limited ability to interact with people in the workplace, or respond to work pressures. It appears, although it is unclear, that the ALJ accepted Dr. Nadulek's other limitations, which presumably the ALJ found consistent with Plaintiff's orientation and solo appearance at the examination. Without explanation, I cannot determine whether the ALJ justifiably accepted only portions of Dr. Nadulek's opinion, and crafted the RFC accordingly, or rejected it wholesale and rested the RFC on other evidence of record. "Rarely can a decision be made regarding a claimant's [RFC] without an assessment from a physician regarding the functional abilities of the claimant." Gormont v. Astrue, 2013 U.S. Dist. LEXIS 31765, at *27 (M.D. Pa. 2013); Godson v. Colvin, 2015 U.S. Dist. LEXIS 58100 (W.D. Pa. May 4, 2015).[3]

---

[3] "Once the doctor has determined how long the claimant can sit, stand or walk, and how much weight the claimant can lift and carry, then the ALJ…can translate that medical determination into a residual functional capacity determination." Gormont, 2013 U.S. Dist. LEXIS 31765, at *27 (quoting Carolyn A. Kubitschek & Jon C. Dubin, Social Security Disability Law and Procedure in Federal Courts, 287-88 (2011)).

Here, it is uncertain why the ALJ chose to incorporate certain limitations, and not others. Without a clear basis for the RFC, a reviewing court cannot be sure that the ALJ did not substitute his own speculation or opinion for that of medical sources. The need to guard against such substitution is "especially profound in a case involving a mental disability." Morales v. Apfel, 225 F.3d 310, 319 (3d Cir. Pa. 2000). On remand, the ALJ should take the opportunity to clarify the evidentiary grounds for the limitations included in his RFC.[4]

## CONCLUSION

In conclusion, this matter will be remanded for further proceedings consistent with the foregoing Opinion. Although grounds exist in the record that might support the ALJ's conclusions, it is not my role to seek out such grounds and justify the ALJ's decision post-hoc. Although this approach may appear to elevate form over substance, the requirement that an ALJ adequately explain his decision is not a technicality. Substantial evidence review must be based on the grounds invoked by the ALJ. Moreover, a claimant is entitled to understand the disposition of her case, especially if her treating provider has stated that she is disabled, and "might be especially bewildered when told by an administrative bureaucracy that she is not." Snell v. Apfel, 177 F.3d 128, 134 (2d Cir. 1999). An appropriate Order follows.

---

[4] In addition to the opinions of Dr. Nadulek and Ms. O'Connor, The ALJ refers to a mental RFC assessment at the initial determination level by Dr. Kerry Brace, who reviewed Dr. Nadulek's opinion. Dr. Brace found moderate and marked limitations, some of which are consistent with those noted by Dr. Nadulek and Ms. O'Connor. The ALJ, however, discussed only Dr. Brace's conclusion that Plaintiff is able to work.

**ORDER**

AND NOW, this 9th day of July, 2015, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion for Summary Judgment is GRANTED, and Defendant's DENIED. This matter is remanded for further proceedings consistent with the foregoing Opinion.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Senior Judge, U.S. District Court